**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| HAROLD JOE BLACK | CIVIL ACTION NO 09-809-P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN, WINN CORRECTIONAL CENTER | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Magistrate Appeal (Record Document 36) filed by pro se petitioner Harold Joe Black ("Petitioner"). Petitioner appeals Magistrate Judge Hornsby's Order (Record Document 35), which denied Petitioner's request for appointed counsel in his federal habeas proceeding.

The aforementioned decision by Magistrate Judge Hornsby related to a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. Magistrate Judge Hornsby's Order is not a recommendation to the district court; rather, it is an order from the magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995); Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir.1992). This Court will review the Magistrate Judge's legal conclusions de novo, and will review his factual findings for clear error. See Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5, 2005).

Petitioner contends that his request for counsel is "obvious." Record Document 36 at 1. Yet, after a thorough review of the record and the legal standard applicable to the

determination of whether counsel should be appointed in a federal habeas proceeding, it is apparent that Magistrate Judge Hornsby's Order denying appointed counsel was neither clearly erroneous nor contrary to law.

A federal district court may appoint counsel to represent an inmate pursuing federal habeas corpus relief under 28 U.S.C. § 2254.  See Brown v. Michael, No. 06-1987, 2007 WL 677225, *6 (W.D.La. Feb. 28, 2007), citing Rules 6(a) and 8(c), Rules Governing Section 2254 Cases; and 18 U.S.C. § 3006A.  However, "there is no Sixth Amendment right to appointed counsel for prisoners mounting collateral attacks on their convictions or sentences." Brown, 2007 WL 677225, *6, citing Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990 (1987).  Under the Rules Governing Section 2254 Cases, "when a court determines that an evidentiary hearing is necessary, it must appoint counsel." Id.; see also Rule 8, Rules Governing Section 2254 Cases.  Yet, without the need for a hearing, the decision as to whether to appoint counsel lies within the sound discretion of the trial court. See id., citing U.S. v. Vasquez, 7 F.3d 81, 84 (5th Cir.1993).  Factors to be considered in making this determination include "the legal and factual complexity of the case along with petitioner's ability to prepare and present his claim."  Id., citing Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir.1994).

Here, Magistrate Judge Hornsby's review of Petitioner's motion revealed no "exceptional circumstances" to warrant the appointment of counsel. See Record Document 35.  The undersigned agrees.  Petitioner sets forth multiple grounds for his request for appointed counsel, including, but not limited to: he was granted *in forma pauperis* status; his inability to obtain litigation knowledge to file pleadings due to his imprisonment; the closing of the law library; his being forced to mail his research home; the tampering of

parole revocation tapes; his suffering of liver damage from prescribed medication by the Louisiana Department of Public Safety and Corrections; the error in the admissibility of tapes during trial; and alleged violations of the due process clause. See Record Document 36 at 1-11. None of these grounds mandate an evidentiary hearing at this stage of the litigation. Moreover, at this stage, Petitioner's proffered reasons fail to demonstrate that his case is so legally or factually complex that he is unable to adequately investigate and present his claim. Therefore, Judge Hornsby's finding that Petitioner has failed to demonstrate the exceptional circumstances[1] for appointed counsel is supported by the record and is neither clearly erroneous nor contrary to law.

Accordingly,

**IT IS ORDERED** that Petitioner's Magistrate Appeal (Record Document 36) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of June, 2011.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Magistrate Judge Hornsby's use of the phrase "exceptional circumstances" references either a case where an evidentiary hearing is clearly mandated or a case involving complex factual and legal issues wherein a pro se petitioner would be unable to prepare and present his claims.