UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HAROLD JOE BLACK                    CIVIL ACTION NO. 09-cv-0809

VERSUS                              JUDGE HICKS

WARDEN, WINN CORRECTIONAL           MAGISTRATE JUDGE HORNSBY
CENTER

**REPORT AND RECOMMENDATION**

**Introduction**

A Caddo Parish jury convicted Harold Joe Black ("Petitioner") of one count of distribution of cocaine, arising from a $100 sale to an undercover policeman. Petitioner's sentence was enhanced based on his status as a second-felony offender, and he was sentenced to 15 years in prison. The conviction and sentence were affirmed on direct appeal. State v. Black, 786 So.2d 289 (La. App. 2d Cir. 2001), writ denied, 815 So.2d 831 (La. 2002). Petitioner also filed an unsuccessful state post-conviction application, followed by a federal habeas petition, which this court denied on the merits. Black v. Warden, 2009 WL 1220493 (W.D. La. 2009).

Petitioner has been one of the most prolific filers of frivolous litigation in this division in recent years. He is banned from filing civil actions in forma pauperis, but the court has allowed him to pursue habeas relief. He inevitably seeks to take advantage of that by filing dozens of proposed amendments, supplements, writs of mandamus, and the like that attempt to inject prison condition claims or other issues in the habeas proceeding. That happened in

the Petitioner's original habeas case when he attempted to argue a new claim that his parole hearing had been handled improperly. Petitioner eventually filed this separate habeas petition that is directed at the parole issues.

The petition, like most of Petitioner's filings, is written in an unusual style that is difficult to understand, but it appears Petitioner generally complains that parole board officials did not appoint him counsel or give adequate pre-hearing notice, treated him differently than similarly situated prisoners, erased part of the recording of his parole hearing, and otherwise violated his procedural rights by similar means. Petitioner's repeated, lengthy, and often indecipherable filings have caused what should have been a relatively simple case to instead be the oldest pending habeas petition in this division. It also rivals the others for the number of pages of filings, given Petitioner's penchant for often attaching hundreds of pages of exhibits to his submissions.

The court learned from a change of address form submitted by Petitioner that he was recently released on parole. That is the very relief he requested in his petition. For the reasons that follow, it is recommended the petition be denied as moot.

**Relevant Facts**

After Petitioner was convicted of the drug offense, the prosecutor offered to withdraw a multiple offender enhancement if Petitioner would accept an eight-year sentence. Petitioner, who seldom passes up an opportunity to raise an objection or litigate, rejected the offer on the record. He was adjudicated a multiple offender, and the judge imposed the minimum 15-year sentence for a second felony offender. Black v. Warden, 2009 WL

1220493, *9.  Records from the Department of Corrections indicate that Petitioner was not eligible for good time, but was eligible for parole, and has a full term date of October 29, 2013.  See, e.g., Tr. 219, 354, 401.

The Louisiana Parole Board granted Petitioner parole in October 2003, subject to special conditions including the completion of a substance abuse rehabilitation program in Concordia Parish.  Tr. 52, 402.  Petitioner was transferred to Concordia Parish facility so he could complete the drug program before his release on parole. Soon afterward, the director of the Concordia treatment program wrote a letter in which he recounted that Petitioner had prepared a package that asserted the program failed to meet various DOC standards and said Petitioner would expect extensive changes to meet his legal rights before he would attend. The director also noted that Petitioner complained he suffered from several medical conditions for which he needed extensive treatment.  The director stated that his program could not provide the medical care that Petitioner requested, and even if it could the absences due to treatment would require Petitioner to miss a number of groups that were needed for the program to be effective.  The director also stated that the program would not be modified to meet what Petitioner believed were his rights, so he recommended that Petitioner be referred to another program.  Tr. 172.  Petitioner was soon advised by the parole board that it had "voted to rescind the parole granted you at your hearing."  Tr. 167.

Petitioner filed suit in a Louisiana state court for judicial review of the administrative decision that resulted in him not receiving parole. He complained of violations of procedural due process and made the other attacks on the parole proceeding that he raised in this

petition. Petitioner ensured that state court proceedings were as complicated and convoluted as possible by filing multiple and lengthy submissions that caused the state court proceedings to continue from 2004 until 2009.

Petitioner next filed this federal petition and soon began filing multiple proposed amendments. He also filed motions to stay, appoint counsel, transfer, produce documents, for injunctive relief, to appeal decisions of the undersigned, for writs of mandamus, to consolidate with other actions, for an evidentiary hearing, and the like. Despite the frequent distractions caused by these meritless filings, the court was eventually able to determine that it appeared Petitioner had exhausted claims in the state court that required a response from the State.

The State was served with the petition in 2012 and began attempting to assemble the state court record necessary to resolve the claims. The State, represented by the Caddo Parish District Attorney, had to request multiple extensions of time because of the extraordinary complexity of Petitioner's extensive state court filings related to these issues. Counsel for the State reported in one motion that she had been in contact with the clerks of court from the First and Fourth Circuit Courts of Appeal, the Supreme Court of Louisiana, and the 7th, 19th, and 33rd Judicial District Courts, all in an effort to assemble the relevant records. She reported that the effort was additionally complicated by Petitioner's occasional use of incorrect docket numbers on his pleadings. Furthermore, the Caddo Parish District Attorney, who had not been a party to any of the parole-related litigation, was not familiar with the lengthy proceedings that had to be sorted out. Doc. 80. The State was eventually

able to file a response (Doc. 95) in April 2013. Petitioner responded with a motion for consolidation and two reply memoranda.

Petitioner filed in May 2013 a Notice of Change of Address (Doc. 100) that appeared to indicate a private address rather than one of the many prisons and detention centers in which Petitioner has been held. The court suspected that Petitioner may have been released from prison, so the court's staff called the automated Department of Corrections offender locator service and was informed that Petitioner had been released to supervision by the Shreveport office of the Division of Probation and Parole.

**Analysis**

Article III of the Constitution includes a case or controversy requirement for matters brought in the federal courts. This means that the plaintiff or petitioner must have suffered or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. Lewis v. Continental Bank Corp., 110 S.Ct. 1249, 1253 (1990). The Supreme Court held in Spencer v. Kemna, 118 S.Ct. 978 (1998) that a prisoner who filed a habeas petition to challenge an allegedly unconstitutional parole revocation procedure, but who was re-released on parole and completed his sentence while the case was pending, no longer met that requirement. His habeas petition was dismissed as moot. The prisoner had asserted only the wrongful termination of his parole status. The Court reasoned: "The reincarceration that he incurred as a result of that action is now over, and cannot be undone." Spencer, 118 S.Ct. at 983.

The Fifth Circuit has cited Spencer as requiring similar cases be dismissed as moot. See, e.g., Dick v. Cain, 394 Fed. Appx. 150 (5th Cir. 2010) (life sentence attacked in habeas petition was commuted and inmate was released on parole; case moot); Dormeus v. Keisler, 252 Fed. Appx. 611 (5th Cir. 2007) (immigrant's challenge to mandatory detention rendered moot when he was removed from the country); U.S. v. Obregon-Hernandez, 283 Fed. Appx. 201 (5th Cir. 2008) (sentence imposed on revocation of supervised release completed during appeal; dismissed as moot); and U.S. v. Harris, 202 Fed. Appx. 798 (5th Cir. 2006) (same). The Supreme Court has applied Spencer to hold that a challenge to a requirement that a juvenile offender register as a sex offender was rendered moot when the juvenile turned 21 and the order requiring him to register expired. U.S. v. Juvenile Male, 131 S.Ct. 2860 (2011).

Petitioner's initial grant of parole was rescinded after he complained that he was unable to participate in the drug rehabilitation program that was a condition to his release from incarceration. There is no indication the rescission resulted in the imposition of any additional sentence. It merely required that Petitioner return to prison to serve his 15-year sentence there rather than in treatment or on parole. If this court were to agree with Petitioner on his habeas claims and grant him relief, that relief would likely be an order that the parole board afford Petitioner a new hearing free of the procedural flaws he claims tainted the earlier proceeding. At the absolute most, the court might order he be released on parole. But Petitioner is already on parole, so he has obtained through the passage of time the ultimate relief the court could afford him if it ruled in his favor. Just as in Spencer, the 2004

reincarceration that occurred as a result of the challenged parole proceedings is now over and cannot be undone. This habeas petition is moot.

Petitioner might argue, as did Mr. Spencer, that this result was caused by dilatory tactics of the district attorney or delay of the district court. The Supreme Court responded that "mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so." Spencer, 118 S.Ct. at 988. The undersigned can assure Petitioner and any interested persons that this case would have been resolved on the merits years ago had it not been for Petitioner's insistence on making his cases as complicated as possible. Any reasonable person who reviews the record of this or his habeas proceeding will see that Petitioner was the primary cause for delay in resolution of this case and, ultimately, it being rendered moot.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **denied as moot**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of June, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE